FILED

JAN - 7 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CRUMP, | |
| Plaintiff(s), | No. C 09-0022 CRB (PR) |
| vs. | ORDER OF DISMISSAL |
| PAROLE AGENT DEAN, et al., | (Doc # 2) |
| Defendant(s). | |

Plaintiff, a state prisoner currently released on parole, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 seeking relief for allegedly unlawful deprivation of property he had at San Quentin State Prison.

Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 (doc # 2), which, based solely on his affidavit of poverty, is GRANTED.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 US 42, 48 (1988).

B. Legal Claims

A negligent or intentional deprivation of a state prisoner's property fails to state a due process claim under § 1983 if the state has an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California Law provides such an adequate post-deprivation remedy for deprivations of property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegations fail to state a claim cognizable under § 1983. See id. at 817.[1]

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b)

The clerk shall enter judgment in favor of defendants and close the file.

SO ORDERED.

DATED: Jan. 07, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Crump, S1.dismissal.wpd

---

[1] A prisoner is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

2